■ In the Matter of LAMONT HUBER, Appellant, v RAYMOND KELLY, as Statutorily Designated Handgun Licensing Officer and as Police Commissioner of the City of New York, Respondent. [842 NYS2d 18]—

Judgment, Supreme Court, New York County (Leland De-Grasse, J.), entered April 25, 2006, which denied and dismissed the petition for an order pursuant to CPLR article 78, unanimously reversed, on the law, without costs, and the petition granted to the extent of directing respondent to issue purchase authorizations for 11 unlicensed firearms.

Petitioner sought to recover a collection of firearms removed by police from his mother's apartment after her death in the apartment from natural causes in March 2004. Eventually, petitioner moved by order to show cause pursuant to CPLR article 78 for an order directing respondent to grant him purchase authorizations for the 11 firearms held by the New York Police Department, or alternatively, directing respondent to release the firearms to a federally-licensed firearms dealer in New York City, who could subsequently transfer the firearms to a federally-licensed firearms dealer in Florida, for retrieval by petitioner's brother, a legal resident of Florida.

Under the peculiar facts of this case, we find that respondent conflated the concept of lawful possession under the Administrative Code of the City of NY (*see* Administrative Code §§ 14-140, 10-303; 38 RCNY 5-28 [g], [j]) with licensed possession. Given the uncontroverted fact that petitioner possesses the requisite pistol and rifle/shotgun permits, respondent has no grounds to deny petitioner the appropriate purchase authorizations. To hold otherwise would work a substantial and unjust forfeiture upon petitioner and his decedent mother's estate. Concur—Saxe, J.P., Sullivan, Gonzalez, Catterson and Kavanagh, JJ.